Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the

Western District of Texas ▼

_____ Division

FILED

2022 AUG 26  PM 4: 39

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY \_\_\_\_LA\_\_\_\_
                    DEPUTY

Heather Hansen, pro se )
) Case No. _____
)           *(to be filled in by the Clerk's Office)*
)
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* ) Jury Trial: *(check one)* ✔ Yes ☐ No
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
"see attached" )
) **EP22CV0293-FM**
)
)
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

First amended
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Heather Hansen |
| Address | 1220 Prairie Dr. |
| | El Paso, Tx 79925 |
| | *City / State / Zip Code* |
| County | El Paso |
| Telephone Number | 469-475-3177 |
| E-Mail Address | heather20hansen20@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Texas Tech University System |
| Job or Title *(if known)* | Government agency |
| Address | 1508 Knoxville Avenue |
| | Lubbock, TX 79409 |
| | *City / State / Zip Code* |
| County | Lubbock |
| Telephone Number | 806-742-2011 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Texas Tech University Health Science Center El Paso |
| Job or Title *(if known)* | Government agency |
| Address | 5001 El Paso Dr. |
| | El Paso, TX 79905 |
| | *City / State / Zip Code* |
| County | El Paso |
| Telephone Number | 915-215-8000 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Defendant No. 3
- Name: Texas Tech Police Department
- Job or Title *(if known)*: Government agency
- Address: 413 Flint Avenue
  - City: Lubbock
  - State: TX
  - Zip Code: 79415
- County: Lubbock
- Telephone Number: 806-742-3931
- E-Mail Address *(if known)*:

[ ] Individual capacity   [ ] Official capacity

Defendant No. 4
- Name: George C. Stoltz
- Job or Title *(if known)*: Lieutenant, Texas Tech Police
- Address: 5001 El Paso Dr. - Texas Tech Police Department
  - City: El Paso
  - State: TX
  - Zip Code: 79905
- County: El Paso
- Telephone Number: 915-215-7111
- E-Mail Address *(if known)*: George.C.Stoltz@ttuhsc.edu

[✔] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Federal constitutional violations: Violation of Due Process and Equal Protection under the Fourteenth Amendment, First Amendment rights violation;

Statutory rights violations: Official oppression, intentional infliction of emotional distress

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
N/A

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
Texas Tech Univeristy Health Science Center El Paso; Texas Tech University System property

B. What date and approximate time did the events giving rise to your claim(s) occur?
December 1, 2021; July 19, 2022; August, 11-12, 2022 - current

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
"see attached"

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
Intentional inflictional of emotional distress. Emergency detention order - hospital observation and psychiatric treatment.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.
Preliminary injunctive relief to be permitted on Texas Tech Univeristy System property. Compensatory and punitive damages against all Defendants in an amount to be determined at trial. Reasonable costs incurred in bringing this action and such other reliefs as the court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/26/2022

Signature of Plaintiff

Printed Name of Plaintiff: Heather Hansen

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                        City          State         Zip Code

Telephone Number

E-mail Address

HEATHER HANSEN, *pro se*

                      Plaintiff

v.

TEXAS TECH UNIVERSITY SYSTEM, TEXAS TECH UNIVERISTY HEALTH SCIENCE CENTER EL PASO, TEXAS TECH POLICE DEPARTMENT, GEORGE C. STOLTZ, CARLOS MACIAS, ANDREW VALDEZ, KYLE K. BONATH, ERIC D. BENTLEY,

                      Defendants.

| | |
|---|---|
| Defendant No. 5 | |
| Name | Carlos Macias |
| Job or Title | Officer, Texas Tech Police |
| Address | 5001 El Paso Dr. – Texas Tech Police Department |
| | El Paso, TX 79925 |
| | |
| County | El Paso |
| Telephone Number | 915-215-7111 |
| E-mail Address | |
| | (x) Individual Capacity     ( ) Official Capacity |

| | |
|---|---|
| Defendant No. 6 | |
| Name | Andrew Valdez |
| Job or Title | Corporal, Texas Tech Police |
| Address | 5001 El Paso Dr. – Texas Tech Police Department |
| | El Paso, TX 79925 |
| | |
| County | El Paso |
| Telephone Number | 915-215-7111 |
| E-mail Address | |
| | (x) Individual Capacity     ( ) Official Capacity |

| | |
|---|---|
| Defendant No. 7 | |
| Name | Kyle K. Bonath |
| Job or Title | Chief of Police, Texas Tech Police |

| | |
|---|---|
| Address | 413 Flint Avenue |
| | Lubbock, TX 79415 |
| County | Lubbock |
| Telephone Number | 806-742-3931 |
| E-mail Address | Kyle.K.Bonath@ttu.edu |
| | (x) Individual Capacity    ( ) Official Capacity |

| | |
|---|---|
| Defendant No. 8 | |
| Name | Eric D. Bentley |
| Job or Title | Vice Chancellor and General Counsel, Texas Tech Uni. System |
| Address | 1508 Knoxville Ave. Ste. 301 |
| | Lubbock, TX 79409 |
| County | Lubbock |
| Telephone Number | 806-834-0597 |
| E-mail Address | eric.bentley@ttu.edu |
| | (x) Individual Capacity    ( ) Official Capacity |

1. **Violation of Due Process Rights**

    Neither the Texas Tech Police Department ("TTPD"), Texas Tech University Health Science Center El Paso ("TTUHSC EP"), or Texas Tech University System ("TTUS") has a written policy in regard to criminal trespass warnings, which is unconstitutionally vague and violates due process. The Texas Education Code is unconstitutional as applied to me because the absence of a valid method for reviewing the initial criminal trespass warning denied me due process.

    I was issued a criminal trespass warning on December 1, 2021, by Carlos Macias ("Officer Macias") and George Stoltz ("Lieutenant Stoltz") saying that I was banned from all TTUS property pursuant to section 30.05 of the Texas Penal Code. I was issued a criminal trespass warning on July 19, 2022, by Andrew Valdez ("Corporal Valdez") and Lieutenant Stoltz saying that I was banned from all TTUS property pursuant to section 30.05 of the Texas Penal Code.

    For both criminal trespass warnings issued I was on university property for a legitimate purpose, and I had no intent to commit any criminal offense. At the time my criminal trespass warning was issued on December 1, 2021, I was a student at TTUHSC EP and had multiple meetings with TTUHSC EP employees and students. At the time my criminal trespass warning was issued on July 19, 2022, I was exercising my Freedom of Expression, using the TTUHSC EP public Wi-Fi, and trying to schedule meetings with TTUHSC EP employees.

    For both criminal trespass warnings I was not given any opportunity to be heard about my ban from all TTUS property by either Officer Macias, Corporal Valdez, Lieutenant Stoltz, Kyle Bonath ("Chief Bonath"), TTPD, or any other TTUS

employee including Eric Bentley and General Counsel, implicating I was not afforded procedural due process. Both of my criminal trespass warnings issued were vague and allowed for arbitrary and discriminatory enforcement. For both criminal trespass warnings I was not informed why I was being issued the criminal trespass warning and I was not informed of an appeal process by either Officer Macias, Corporal Valdez, Lieutenant Stoltz, Chief Bonath, Eric Bentley or any other TTUS employee.

2. **Violation of the First and Fourteenth Amendments**

   I repeat the allegations in the above paragraphs as if fully set forth herein. I had a liberty interest and fundamental right to be in public spaces at TTUHSC EP due to it being a limited public forum. I had a liberty interest and fundamental right to attend the TTUS Board of regents public meeting at Angelo State University on August 11-12, 2022, due to it being a designated public forum. Neither the Texas Tech Police Department ("TTPD"), Texas Tech University Health Science Center El Paso ("TTUHSC EP"), or Texas Tech University System ("TTUS") has a written policy in regard to criminal trespass warnings, which is unconstitutionally vague and deprived me of my right to Freedom of Speech. The criminal trespass statute is unconstitutional as applied to me because it deprived me of my liberty and property interest to attend the TTUS public meeting.

   The criminal trespass warning issued on July 19, 2022, was based on my decision to engage or perceived engagement in conduct protected by the First Amendment. This criminal trespass warning was given to ban my First Amendment right to free

speech. Chief Bonath and Eric Bentley intentionally refused to appeal this criminal trespass warning in a timely manner to further ban my protected speech. Eric Bentley and Chief Kyle violated my exercise to Freedom of Speech and enjoyment of Freedom of Speech when they intentionally denied me to attend the TTUS Board of Regents public meeting on August 11-12, 2022, that was held on TTUS property.

3. **Official Oppression**

I repeat the allegations in the above paragraphs as if fully set forth herein. As described above, Defendants' conduct – including intentionally denying or impeding my exercise and enjoyment of Freedom of Speech – was knowingly unlawful.

The criminal trespass warning issued on July 19, 2022 by Corporal Valdez and Lieutenant Stoltz was based on my decision to engage or perceived engagement in conduct protected by the First Amendment. This criminal trespass warning was given to impede my First Amendment right to free speech. Chief Bonath and Eric Bentley intentionally refused to appeal this criminal trespass warning in a timely manner to further deny my right protected speech.

Eric Bentley and Chief Kyle knowingly and intentionally violated my exercise to Freedom of Speech and enjoyment of Freedom of Speech when they denied me permission to attend the TTUS Board of Regents public meeting on August 11-12, 2022, that was held on TTUS property. I cited to both individuals how their denial of my requests to attend the meeting was unconstitutional and in violation of state and federal law, yet they continued to deny me permission to attend.

Corporal Valdez, Lieutenant Stoltz, Chief Bonath, and Eric Bentley's actions under the color of their employment prevented me from attending the public meeting, which is a constitutional right for every member of the public to attend and if I were to have even attempted to attend the meeting, I would have been unlawfully arrested.

4. **Intentional Infliction of Emotional Distress**

I repeat the allegations in the above paragraphs as if fully set forth herein. As described above, Defendants' conduct – including serving me with two unconstitutional criminal trespass warnings, banning me from all TTUS property, threatening to arrest me for trespassing if I entered TTUS property, and denying me permission to attend a public meeting, was intentional and reckless and in knowing disregard of my rights

As described above, Defendants' conduct was extreme and outrageous, and beyond the bounds of decency. Defendant's direct and proximate actions resulted in causing me severe emotional distress. After the issuing of my second criminal trespass warning I was immediately placed on an emergency detention order by TTPD Officers. The Defendants' behavior caused me to become distraught and caused me to suffer such extreme emotional distress that TTPD Officers believed I was a danger to myself, and I was not allowed to leave due to the mental state I was in.

As a result of the Defendants' behavior, including their malicious deprivation of my civil and constitutional rights and being detained multiple times, I have suffered and continue to suffer severe emotional distress, including increased anxiety, an inability to sleep or eat, PTSD, panic attacks, suicidal thoughts, feeling numb and apathetic, and

being unable to focus. My mental health has significantly regressed and limited my ability to function. This claim is brought against all Defendants.